UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| PETERKIN AND ASSOCIATES OF GEORGIA, INC. | : | CASE NO. 13-66549-JWC |
| | : | |
| Debtor. | : | |

**AMENDED FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF HAYS FINANCIAL CONSULTING, LLC,
AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE**

**COMES NOW** Hays Financial Consulting, LLC ("**HFC**" or "**Applicant**"), accountants to S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the above-styled case, and, pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, files this amended final application ("**Amended Application**") seeking final allowance of compensation in the amount of $7,800.00 and reimbursement of expenses in the amount of $101.55 for the period from April 20, 2016 through and including June 26, 2019 (the "**Continued Application Period**").  In support hereof, Applicant shows as follows:

1.

On July 31, 2013, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (the "**Case**"). S. Gregory Hays was appointed as the Chapter 7 Trustee.

2.

The Debtor previously operated as a counseling service for drug addiction and other rehabilitation services.  George M. Oliver is the Chapter 7 Trustee (the "**NC Trustee**") of Peterkin and Associates of North Carolina in a bankruptcy case pending before the U. S. Bankruptcy Court for the Eastern District of North Carolina (Case No. 10-10442-8-SWH).

George M. Oliver is also the Chapter 7 Bankruptcy Trustee in the case of Alice D. Smith, which is also pending in the U. S. Bankruptcy Court for the Eastern District of North Carolina (Case No. 11-02629-8-SWH). Both this Case and the North Carolina cases were the subject of investigations by the NC Trustee, who determined that the Debtor was owned by Alice Smith and received funds from Peterkin & Associates of North Carolina.  The Debtor was being operated without the knowledge of the NC Trustee. The NC Trustee then caused this Case to be filed in the U. S. Bankruptcy Court for the Northern District of Georgia. Upon being appointed as Trustee in the Case, Mr. Hays set about the task of determining the assets, and taking custody of the Debtor's records.

3.

On August 7, 2013, the Trustee filed an Application to Employ Hays Financial Consulting, LLC as Accountants for the Trustee [Doc. No. 8]. On August 8, 2013, the Order approving the employment of HFC was entered [Doc. No. 9].

4.

The Trustee administered the assets of the Debtor and on March 2, 2015 filed his Trustee Final Report and professional fee applications [Doc. No. 67].

5.

By Order entered on April 8, 2015 [Doc. No. 71], HFC was awarded compensation of $16,835.00 and reimbursement of expenses of $2,285.15 for a total allowance of $19,120.15 for the period July 1, 21013 through December 31, 2014 ("**Initial Application Period**").  Based on available funds, Application received payment of $16,117.50 of its awarded fees and $2,187.76 of its awarded expenses for a total of $18,305.26.  Unpaid awarded fees and expenses total $814.89.

6.

On May 15, 2015, the trustee filed his final account [Doc. No. 73]. On May 20, 2015, the Court approved the trustee's final account and closed the case [Doc. No. 74].

7.

In April 2016, the Trustee was notified by the State of Georgia of $14,138.44 owed to the Debtor from Medicaid. On April 15, 2016, the Office of the United States Trustee filed a Motion to Reopen [Doc. No. 76] the bankruptcy case. On April 20, 2016, an Order was entered reopening the case [Doc. No. 77] and the Trustee was reappointed [Doc. No. 78].

8.

Pursuant to this Application, Applicant seeks final approval, allowance, and payment pursuant to §§ 330 and 331 of the Bankruptcy Code of compensation for services (the "Services") rendered as accountants for the Trustee, together with reimbursement of expenses incurred in connection therewith during the Continued Application Period. The Continued Application Period covers the period from the Case reopening on April 20, 2016 through the close of the Case.

9.

During the Continued Application Period, HFC devoted a total of not less than 26.0 hours in rendering services as accountants to the Trustee. Applicant has not previously been allowed or paid any compensation for the Continued Application Period. Summaries of hours spent by subject area and by professional are attached as Exhibit "A".

10.

The Services of the Applicant during the Application Period are summarized by category below.

(a) **Fee / Employment Applications & Objections**. This category comprises the activity of Applicant in the preparation of this Application and exhibits hereto.

(b) **Tax Issues.** This category includes activity by the Applicant regarding: i) analysis of incoming funds, taxes associated with payment of wage claims and estimated administrative claims; ii) preparation of the short year 2014, 2015 and 2016 Federal and State of Georgia tax returns; iii) preparation of section 505(b) Requests for Prompt Determination; and iv) estimated time to complete required tax forms (Forms 940, 941, G-7, DOL-4, W-3s,W-2s) relating to the wage claims paid with the final distribution

11.

Applicant shows that all services were necessary to assist the Trustee in the proper and effective administration of the Debtor's estate and the exercise of the powers of the Trustee. Applicant shows that the fair and reasonable value of such services, and the costs of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $7,800.00, based primarily on the normal hourly rates of providing such services and calculated using the "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A". The time expended and services performed by HFC are duly itemized and set forth in Exhibit "B" attached hereto and by reference incorporated herein and made part of this Application.

12.

Applicant shows that all services for which compensation during the Continued Application Period is requested have been actually provided to the Debtor and/or the Trustee,

and to no other parties, and have been necessary for the proper and effective administration of this case and for the benefit of the Debtor's estate and its creditors.

13.

Applicant's employees have substantial experience and expertise in providing financial and accounting services in bankruptcy cases and to fiduciaries in such cases. Applicant's employee hourly rates are fair and reasonable and the same as the cost for such services other than in a bankruptcy case.

14.

The compensation requested is allowable pursuant to the twelve factor test (the "Johnson Factors") set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), as modified and made applicable to bankruptcy cases by the Eleventh Circuit Court of Appeals in Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990). The Johnson Factors and their applicability in these cases are as follows:

(a) Time and Labor Required: HFC expended 26.0 hours in performing services as accountants to the Trustee during the Continued Application Period. The billing rates of the various professionals and other personnel who have performed services for the Committee are detailed in HFC's billing statements, which are attached hereto as Exhibit "A".

(b) Novelty and Difficulty of Questions Presented: The work performed by HFC has involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

(c) Skill Requisite to Perform Professional Services: The Trustee selected HFC as its accountants because HFC's professionals possess substantial expertise and

experience in bankruptcy and related fields and are well-qualified to perform professional services.

(d) <u>Preclusion of Other Employment Due to Acceptance of the Cases</u>: Professionals of HFC have devoted a substantial amount of time and resources to these cases, to the possible preclusion of involvement in other matters.

(e) <u>Customary Fees for the Type of Services Rendered</u>: HFC believes that the fees requested and the hourly rates set forth herein are consistent fees typically charged for the type of services rendered in cases of this magnitude and complexity. The hourly rates charged by HFC in this Application are comparable to the rates that HFC would charge to a non-bankruptcy client for work of a similar nature and complexity.

(f) <u>Whether the Fee is Fixed or Contingent</u>: Pursuant to section 330(a) of the Bankruptcy Code, HFC's fee is subject to Court approval, and is primarily based upon hourly rates and does not involve any fixed or flat fees. Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

(g) <u>Time Limitations Imposed by the Client or Other Circumstances</u>: Certain deadlines have been applicable herein pursuant to Court order and various provisions of the Bankruptcy Code and Bankruptcy Rules.

(h) <u>The Amount Involved and Results Obtained</u>: HFC shows that the Trustee, with the assistance of all professionals involved, has achieved a successful result in this case.

(i) <u>The Experience, Reputation, and Ability of the Professional</u>: HFC has extensive experience in bankruptcy matters. Its reputation and ability are well known to the Court.

(j)    Undesirability of the Case:    This factor is inapplicable to the present Chapter 7 cases.

(k)    Nature and Length of Professional Relationship with the Client:  HFC was employed by the Trustee to serve as his accountants in these bankruptcy cases. Thus, the professional relationship is an ongoing one.

(l)    Awards in Similar Cases:    HFC is regularly awarded compensation in Chapter 7 and Chapter 11 cases on the same basis as requested herein.

15.

In connection with the provision of services as set forth herein above, Applicant has incurred expenses in the amount of $101.55 during the Continued Application Period. Expenses are summarized on Exhibit "A" and itemized on Exhibit "C" attached hereto and incorporated herein. Applicant seeks allowance of said expenses as reasonable and necessarily incurred.

16.

No agreement or understanding exists between HFC and any other person for the sharing of compensation to be received for services rendered in connection with this case. All services for which compensation is requested were performed for the Trustee and the estate and not on behalf of any committee, creditor or any other person or persons.

17.

Attached hereto as Exhibit "D" is a Declaration of S. Gregory Hays, Managing Principal of Applicant, confirming the facts set out in the Application and exhibits hereto.

18.

Based on the foregoing, Applicant seeks final allowance of $7,800.00 as compensation for services performed and reimbursement of expenses in the amount of $101.55 for the

Continued Application Period. Applicant shows that compensation in such amount is reasonable compensation based on the nature, the extent, and the value of services rendered, the time spent to provide such services, and the cost of comparable services other than in a bankruptcy case.

**WHEREFORE**, Applicant respectfully prays:

a. That Applicant be allowed final compensation in the amount of $7,800.00 as and for the reasonable value of services rendered in connection with its retention as accountants for the Trustee for the Continued Application Period;

b. That Applicant be allowed the sum of $101.55 for the final reimbursement of out-of-pocket expenses incurred in this case during the Continued Application Period;

c. That Trustee be authorized to pay Applicant the unpaid compensation and expenses of $814.89 awarded by the Bankruptcy Court for the Initial Application Period from the funds on hand;

d. That Trustee be authorized to pay Applicant the compensation and expenses totaling $7,901.55 requested on this Application for the Continued Application Period from the funds on hand;

e. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted, this 27th day of June, 2019.

                         /s / *S. Gregory Hays*
                         S. GREGORY HAYS

Hays Financial Consulting, LLC
2964 Peachtree Road, NW, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

# Exhibit "A" Follows

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Peterkin and Associates of Georgia Inc.**
Case # 13-66549

For the Period from   4/20/2016   to   6/26/2019

June 26, 2019

Professional Services

|  | Hours | Amount |
|---|---:|---:|
| Fee / Employment Applications & Objection | 1.70 | 510.00 |
| Tax Issues | 24.30 | 7,290.00 |
| **For professional services rendered** | **26.00** | **$7,800.00** |

Additional Charges :

|  | Amount |
|---|---:|
| Copying Cost | 51.90 |
| Postage | 29.65 |
| Tax Return Filing Fees | 20.00 |
| **Total costs** | **$101.55** |
| | |
| **Total amount of this bill** | **$7,901.55** |

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Peterkin and Associates of Georgia Inc.**
**Case # 13-66549**

**For the Period from    4/20/2016   to   6/26/2019**

June 26, 2019

Professional Services

|  | Hrs/Rate | Amount |
|---|---:|---:|
| James R. Jennings, CPA | 22.20<br>300.00/hr | 6,660.00 |
| Scott S. Askue | 3.80<br>300.00/hr | 1,140.00 |
| **For professional services rendered** | **26.00** | **$7,800.00** |

Additional Charges :

| | |
|---|---:|
| Copying Cost | 51.90 |
| Postage | 29.65 |
| Tax Return Filing Fees | 20.00 |
| **Total costs** | **$101.55** |
| | |
| **Total amount of this bill** | **$7,901.55** |

---

CFE - Certified Fraud Examiner                                    CPA - Certified Public Accountant
CIRA - Certified Insolvency and Restructuring Advisor    PHR - Professional in Human Resources
CTP - Certified Turnaround Professional

# Exhibit "B" Follows

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Peterkin and Associates of Georgia Inc.**
**Case # 13-66549**

**For the Period from   4/20/2016   to   6/26/2019**

June 26, 2019

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---:|---:|
| | **Fee / Employment Applications & Objection** | | |
| 6/20/2019 SSA | Drafted final fee application and prepared exhibits to same. | 1.70<br>300.00/hr | 510.00 |
| | Subtotal | 1.70 | 510.00 |
| | **Tax Issues** | | |
| 4/20/2016 SSA | Discussed tax matters with Jim Jennings. | 0.20<br>300.00/hr | 60.00 |
| 4/21/2016 SSA | Drafted email to the Trustee regarding estimated tax liability and required returns. | 0.20<br>300.00/hr | 60.00 |
| 4/25/2016 SSA | Prepared analysis of 2016 receipts and projected disbursements for preparation of final tax return. Reviewed allowed claims for treatment of tax withholdings on wage claims. | 1.30<br>300.00/hr | 390.00 |
| 4/27/2016 JRJ | Discussed and reviewed information sent by Scott Askue for recent recoveries. Discussed tax reporting requirements including Federal 1120 for years 2014, 2015 and 2016, Federal 941 for second or third quarter of 2016, and Federal 940 for the year ended 12/31/2015.. | 0.80<br>300.00/hr | 240.00 |
| 4/28/2016 JRJ | Prepared draft of year ended 12/31/2015 Federal and Georgia corporate income tax returns. | 3.00<br>300.00/hr | 900.00 |
| 4/29/2016 JRJ | Prepared draft of short year ended 12/31/2016 Federal and Georgia corporate income tax returns. | 3.00<br>300.00/hr | 900.00 |
| 5/2/2016 JRJ | Finalized year ended 12/31/15 with all attachments, schedules and disclosures. | 1.50<br>300.00/hr | 450.00 |
| JRJ | Finalized final short year ended 5/31/2015 with all attachments, schedules and disclosures. | 1.50<br>300.00/hr | 450.00 |
| 5/4/2016 SSA | Reviewed 2015 and final 2016 tax returns for estate resulting from additional recovery. | 0.40<br>300.00/hr | 120.00 |
| 5/11/2016 JRJ | Revised 2015 and 2016 Federal and Georgia corporate tax returns. Finalized and processed after Scott Askue comments. | 1.40<br>300.00/hr | 420.00 |
| JRJ | Prepared short period beginning October 1, 2014 and ending December 31, 2014 Federal and Georgia corporate income tax returns. Finalized and processed for Trustee signature. | 2.60<br>300.00/hr | 780.00 |
| JRJ | Prepared section 505b Requests for Prompt Determination for Federal and Georgia corporate tax returns filed for the short year ended 10/1/204-12/31/2014. | 1.00<br>300.00/hr | 300.00 |
| JRJ | Prepared section 505b Requests for Prompt Determination for Federal and Georgia corporate tax returns filed for the year ended 12/31/2015. | 1.00<br>300.00/hr | 300.00 |

**Peterkin and Associates of Georgia Inc.**     Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/11/2016 | JRJ | Prepared section 505b Requests for Prompt Determination for Federal and Georgia corporate tax returns filed for the short and final year ended 5/31/2016. | 1.00<br>300.00/hr | 300.00 |
| 5/16/2016 | JRJ | Prepared check requests for Georgia Net worth tax for years 2014 and 2015. | 0.80<br>300.00/hr | 240.00 |
| | JRJ | Processed 2014, 2015, and 2016 Federal and Georgia returns, and 2014, 2015, and 2016 Federal and Georgia 505(b) Requests, after obtaining Trustee signature on all returns (12 returns total). | 0.80<br>300.00/hr | 240.00 |
| 10/31/2016 | JRJ | Revised Federal 505(b) Request in response to IRS Notice. Resubmitted to trustee for signature. | 0.50<br>300.00/hr | 150.00 |
| 12/20/2016 | JRJ | Had lengthy phone conversation with IRS Agent Vicki Trao(919)-850-1151 regarding Request for Prompt Determination for the final year ended 5/31/2016 corporate return. | 0.20<br>300.00/hr | 60.00 |
| 10/29/2018 | JRJ | Reviewed case activity for 2018 and scheduled comments for Scott Askue. | 0.10<br>300.00/hr | 30.00 |
| 6/20/2019 | JRJ | Estimated time to complete required tax forms (Forms 940, 941, G-7, DOL-4, W-3s,W-2s) relating to the wage claims paid with the final distribution. | 3.00<br>300.00/hr | 900.00 |
| | | Subtotal | 24.30 | 7,290.00 |
| | | **For professional services rendered** | **26.00** | **$7,800.00** |

# Exhibit "C" Follows

Case 13-66549-jwc    Doc 97-2    Filed 08/22/19    Entered 08/22/19 14:25:52    Desc Attorney Fee Application    Page 15 of 18

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Peterkin and Associates of Georgia Inc.**
**Case # 13-66549**

**Accountants to the Trustee**

**For the Period from   4/20/2016   to   6/26/2019**

June 26, 2019

| | Amount |
|---|---:|
| **Expenses** | |
| 5/16/2016  GA 2015 net worth tax | 10.00 |
| GA 2014 net worth tax | 10.00 |
| 5/31/2016  Postage | 27.24 |
| Copying cost | 51.90 |
| 10/31/2016  Postage | 2.41 |
| Subtotal | 101.55 |
| **Total costs** | **$101.55** |

# Exhibit "D" Follows

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| PETERKIN AND ASSOCIATES OF GEORGIA, INC. | : | CASE NO. 13-66549-JWC |
| | : | |
| Debtor. | : | |

**DECLARATION**

I, S. Gregory Hays, declare under penalty of perjury that:

1. I am the Managing Principal at Hays Financial Consulting, LLC ("HFC") and have knowledge of the facts set forth herein.

2. The facts set out in the foregoing Amended Final Application for Allowance of Compensation and Reimbursement of Expenses and in the exhibits attached thereto are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally and by business records of HFC, maintained in the ordinary course of business, including time and reimbursement records made by personnel at HFC.

          */s /S. Gregory hays*
          S. Gregory Hays